**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ALAKOZAI and STEVEN PITTS
individually and on behalf of all others
similarly situated,

        Plaintiffs,

  v.

CHASE INVESTMENT SERVICES CORP.,

        Defendant.

_____/

No. C 11-3499 MMC

**ORDER DIRECTING PLAINTIFFS TO
SHOW CAUSE WHY COMPLAINT
SHOULD NOT BE DISMISSED FOR
LACK OF SUBJECT MATTER
JURISDICTION; EXTENDING TIME FOR
DEFENDANT TO RESPOND TO
COMPLAINT**

      Before the Court is plaintiffs' First Amended Complaint ("FAC") filed August 3, 2011.

For the reasons set forth below, plaintiffs are hereby ORDERED TO SHOW CAUSE why

the FAC should not be dismissed for lack of subject matter jurisdiction.

**BACKGROUND**

      In their FAC, plaintiffs bring various claims, all alleging violations of state wage laws.

Plaintiffs assert federal diversity jurisdiction for their state law claims under the Class Action

Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  (See FAC ¶ 6).  In support thereof,

plaintiffs allege that the proposed class of claimants is comprised of current and former

California employees of the defendant; that the proposed class membership numbers in the

hundreds; and that the defendant is a Delaware corporation with principle places of

business in Illinois and New York.  (See FAC ¶¶ 3-4, 10).  Plaintiffs do not, however, specify an amount in controversy.

**DISCUSSION**

The issue of subject matter jurisdiction may be raised unilaterally by the district court at any stage of the proceedings.  See, e.g., Snell v. Cleveland, 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . .").  If the court determines it lacks subject matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).

The proponent of federal jurisdiction bears the burden of establishing all jurisdictional prerequisites.  See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (holding CAFA did not change rule requiring proponent of federal jurisdiction to establish basis therefor).  To establish federal jurisdiction under CAFA, plaintiffs, as the proponents of jurisdiction, must plead facts sufficient to demonstrate that the aggregate amount in controversy exceeds $5,000,000, that class membership numbers at least one hundred, and that at least one class member is diverse from at least one defendant.  28 U.S.C. § 1332(d)(2), (d)(5).

Although plaintiffs allege facts sufficient to satisfy the latter two requirements, specifically, the number of class members and diversity of citizenship, plaintiffs, as noted, have included in the FAC no allegation specifying the amount in controversy.  Nor may the Court exercise jurisdiction based on its own speculation as to the amount in controversy. See Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1002 (9th Cir. 2007) (noting court was "left . . . to speculate as to the size of the class, the amount of unpaid wages owed due to the rounding policy, and whether or not members of the class qualify for penalty wages"; holding "we cannot base our jurisdiction on . . . speculation and conjecture").

Accordingly, plaintiffs are hereby ORDERED TO SHOW CAUSE, in writing and no later than September 22, 2011, why the above-titled action should not be dismissed for lack of subject matter jurisdiction.

1    In light of the above, the time for defendant to respond to the FAC is hereby

2  EXTENDED to October 13, 2011.

3    **IT IS SO ORDERED.**

4

5  Dated:  September 8, 2011

6                                                                MAXINE M. CHESNEY
                                                                 United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28