UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority  \_\_\_\_\_
Send      \_\_\_\_\_
Enter     \_\_\_\_\_
Closed    \_\_\_\_\_
JS-5/JS-6 \_\_\_\_\_
Scan Only \_\_\_\_\_

**CASE NO.:** <u>CV 11-09178 SJO (JEMx)</u>           **DATE:** <u>March 1, 2012</u>

**TITLE:**   <u>Michael Alakozai, et al. v. Chase Investment Services Corp.</u>

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                           Not Present
Courtroom Clerk                            Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**        **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION** [Docket No. 60]**; ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT** [Docket No. 56]

These matters are before the Court on Defendant Chase Investment Services Corp.'s ("Defendant") Motion to Compel Arbitration and Dismiss or Stay Proceedings ("Motion to Compel"), filed on December 12, 2011. Plaintiffs Michael Alakozai ("Alakozai") and Steven Pitts ("Pitts") (collectively, "Plaintiffs") filed an Opposition to the Motion to Compel on December 19, 2011. Defendant filed a Reply on December 23, 2011. Also before the Court is Plaintiffs' Motion to Amend Complaint ("Motion to Amend"), filed on December 12, 2011. Defendant filed an Opposition to the Motion to Amend on December 19, 2011, to which Plaintiffs filed a Reply on December 23, 2011. The Court found these matters suitable for disposition without oral argument and vacated the hearing set for **January 9, 2012**. *See* Fed. R. Civ. P. 78(b). For the following reasons, Defendant's Motion to Compel is **DENIED** and Plaintiffs' Motion to Amend is **GRANTED**.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are individuals who were employed by Defendant in the State of California as either Financial Advisors or Financial Advisor Trainees. (Second Am. Compl. ("SAC") ¶¶ 3, 6, 7, ECF No. 19.) Defendant is a Delaware corporation and wholly-owned subsidiary of JPMorgan Chase & Co. ("JPMC"), with its principal places of business in Illinois and New York. (SAC ¶ 8.) Defendant is registered as a securities brokerage firm with the Financial Industry Regulatory Authority ("FINRA") (formerly NASD). (SAC ¶ 8.) As a condition of their employment, both Plaintiffs separately entered into a Supervision, Arbitration, Confidentiality, and Non-Solicitation Agreement ("Agreement") with Defendant that contained a binding arbitration clause. (Mot. to Compel 2:5-9; Decl. of Heather Emmert in Supp. of Def.'s Mot. to Compel ("Emmert Decl.") Exs. 1, 2.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 11-09178 SJO (JEMx)</u>   **DATE:** <u>March 1, 2012</u>

On July 15, 2011, Alakozai filed his original complaint in the Northern District of California, alleging that Defendant had breached their contract for payment of services. (Compl., ECF No. 1.) On August 3, 2011, Pitts was added as a named plaintiff to the action, and the complaint was amended to state a class action on behalf of others similarly situated who suffered damages as a result of Defendant's actions. (First Am. Compl., ECF No. 8.) Following an order to show cause why Plaintiffs' First Amended Complaint should not be dismissed for lack of subject matter jurisdiction, the parties stipulated to file a Second Amended Complaint ("SAC"). On October 4, 2011, Plaintiffs filed their SAC, asserting claims for: (1) restitution of unpaid overtime wages under the Fair Labor Standards Act; (2) restitution of unpaid overtime wages under Wage Order 4-2001; (3) restitution of improper wage deductions; and (4) waiting time penalties. (*See generally* SAC.)

On October 18, 2011, Defendant filed a Motion to Dismiss, Stay or Transfer Venue to the Central District of California ("Motion to Dismiss"). (Mot. to Dismiss, ECF No. 21.) In the Motion to Dismiss, Defendant argued that a similar action against Defendant, *Baumann v. Chase Investment Services, Corp.*, No. 11-06667, was (and is currently) pending adjudication, and pursuant to the "first-to-file" rule, the instant matter should be dismissed, stayed, or transferred to the Central District of California. (Mot. to Dismiss 1:5-13.) On October 28, 2011, the parties filed a stipulation to transfer venue to the Central District of California (Stipulation to Transfer Venue, ECF No. 34), and the Order transferring venue to the Central District was issued on November 1, 2011 (Order Transferring Venue, ECF No. 36).

On November 14, 2011, the parties filed a Joint Notice of Related Case to bring the instant matter before the *Baumann* court. However, the motion to transfer was denied by Judge King. On December 12, 2011, Plaintiffs filed the instant Motion to Amend Complaint and Defendant filed the instant Motion to Compel Arbitration.

II.   <u>MOTION TO COMPEL ARBITRATION</u>

    A.   <u>Legal Standard</u>

Under the Federal Arbitration Act, alternative dispute resolution outside the courtroom is encouraged. *Schoenduve Corp. v. Lucent Tech., Inc.*, 442 F.3d 727, 730 (9th Cir. 2006). Federal Courts are required to "rigorously enforce agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). "The arbitrability of a particular dispute," however, "is a threshold issue to be decided by the courts." *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1000 (9th Cir. 2010) (internal quotation marks omitted). "Unless the parties clearly and unmistakably provide otherwise," the court, not the arbitrator, is to decide whether the parties agreed to arbitrate. *AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986); *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 583 n.7 (1960). "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Tech., Inc.*, 475 U.S. at 648 (internal quotation marks omitted); *accord Pinkard v. Lozano*, No. 06-cv-02523, 2007 WL 4116019, at *3 (D. Colo. Nov. 16, 2007) (finding that employee could not have agreed to arbitrate employment discrimination claims that "would arise

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** CV 11-09178 SJO (JEMx)     **DATE:** March 1, 2012

seven years" after entering into a settlement agreement for employee's severance and benefits). In interpreting the validity and scope of an arbitration agreement, courts apply state law principles of contract formation and interpretation. *See Wolsey Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1210 (9th Cir. 1998); *Cape Flattery, Ltd. v. Titan Maritime, LLC*, 647 F.3d 914, 920 (9th Cir. 2011).

"Under [the Federal Arbitration Act], a district court must issue an order compelling arbitration if the following two-pronged test is satisfied: (1) a valid agreement to arbitrate exists; and (2) that agreement encompasses the dispute at issue." *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 766 (9th Cir. 2002).

     B.     The Parties' Arbitration Agreement

Plaintiffs do not dispute that they each separately entered into an arbitration agreement with Defendant. (Pls.' Opp'n 2:21-25.) However, Plaintiffs do dispute whether the claims in the instant lawsuit are encompassed by that agreement to arbitrate and whether the case may proceed as a class action. In order to assess the merits of this dispute, the Court must first determine the scope of the arbitration agreement.

The arbitration provision at issue here provides in pertinent part:

> Any claim or controversy concerning you arising out of or in connection with the business activities of JPMC, your activities and/or your appointment as a registered representative or your employment and/or the termination thereof required to be arbitrated by the FINRA Rules shall be resolved by individual (not class or collective) arbitration in accordance with the Code of Arbitration Procedure of the FINRA (including the FINRA Arbitration Disclosure Rule and Procedures for Employment Arbitration Disclosure Statement), and in accordance with applicable law. Such arbitration(s) shall be conducted in New York, New York and under the law of the State of New York, if applicable (without giving effect to the conflict of laws principles thereof (as permitted by law)) and judgment upon the award rendered by such arbitrators may be entered in any court having proper jurisdiction. Further, no claims shall be arbitrated on a class or collective action or collective or class-wide basis.

(Emmert Decl. Exs. 1 ¶ 12, 2 ¶ 12.)

Based on the plain language of the agreement, it is clear that the parties intended to submit to arbitration any claims required to be arbitrated under the FINRA Rules. The last sentence of the

///

///

///

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: **CV 11-09178 SJO (JEMx)**       DATE: **March 1, 2012**

quoted provision provides that no claims shall be submitted **to arbitration** on a class-wide basis.[1]

FINRA Rule 13200 provides generally, that "a dispute must be arbitrated under the Code[2] if the dispute arises out of the business activities of a member or an associated person and is between" members, members and associated persons, or associated persons."[3]  FINRA Rule 13200. Plaintiffs acknowledge that Defendant is a FINRA-registered securities brokerage firm. (SAC ¶ 8.) Plaintiffs' dispute over overtime wages, unlawful wage deductions, and waiting time penalties "arise out of" Defendant's business activities and is between Defendant, who is a member of FINRA, and Plaintiffs, who are associated persons of a member. Thus, according to FINRA, Plaintiffs' claims are arbitrable because they are required to be arbitrated.

However, the Court's analysis does not end there. FINRA Rule 13204 deals with class action claims and states in pertinent part:

> A member or associated person **may not enforce any arbitration agreement** against a member of a certified or putative class action **with respect to any claim** that is the subject of the certified or putative class action **until**: [t]he class certification is denied; [t]he class is decertified; [t]he member of the certified or putative class is excluded from the class by the court; or [t]he member of the certified or putative class elects not to participate in the class or withdraws from the class according to conditions set by the court, if any.

FINRA Rule 13204. The rule expressly states that a member may not enforce an arbitration agreement with respect to any claim that is the subject of the class action until one of four conditions occur. Here, none of those conditions have occurred yet. Unless class certification is denied, the class is decertified, either of the Plaintiffs are excluded from the class, or either of the

---

[1] In its Motion, Defendant's counsel inserted the word "are" into the arbitration provision to cause the provision to read that "any claim or controversy . . . arising out of or in connection with the business activities of JPMC . . . **[are]** required to be arbitrated by the FINRA Rules . . . ." (Mot. to Compel 7:5-8.) Defendant's use of the word "are" is not only grammatically incorrect, but also inherently misleading.

[2] The term "Code" means the Code of Arbitration Procedure for Industry Disputes. FINRA Rule 13100(f).

[3] A person associated with a member includes "a natural person engaged in the investment banking or securities business who is directly or indirectly controlling or controlled by a member, whether or not any such person is registered or exempt from registration with FINRA." FINRA Rule 13100(r).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 11-09178 SJO (JEMx)</u>     **DATE:** <u>March 1, 2012</u>

Plaintiffs elect not to participate in the class, Defendant cannot enforce the arbitration provision against Plaintiffs.[4]  Accordingly, Defendant's Motion to Compel Arbitration is DENIED.

### III. <u>MOTION TO AMEND COMPLAINT</u>

#### A. <u>Legal Standard for Leave to Amend</u>

Rule 15(a)(2) provides that if a party seeks to amend a pleading more than once (or after the time for amendments of that type has expired) the party may do so only with leave of the court or if the adverse party consents.  Fed. R. Civ. P. 15(a)(2).  The rule also provides that "[t]he court should freely give leave when justice so requires."  *Id.*

District courts consider four factors to determine whether to deny a request to amend pleadings: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment."  *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).  A proposed amended pleading adding new claims is futile only if "it appears beyond a doubt" that the claims sought to be added would be dismissed for failure to state a claim.  *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) (internal citations omitted); *see also Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) (internal citations omitted).

#### B. <u>Plaintiffs' Proposed Third Amended Complaint</u>

Plaintiffs' proposed TAC seeks to add a fifth claim for labor code penalties pursuant to California Labor Code section 2698, et seq., otherwise known as the Private Attorneys General Act of 2004 ("PAGA claim").  Defendant does not claim Plaintiffs have acted in bad faith or delayed in bringing their motion.  Rather, Defendant argues that allowing Plaintiffs to add a PAGA claim would be futile and prejudice Defendant.

On July 8, 2011, the *Baumann* action was initiated against Defendant in Los Angeles County Superior Court, which was then subsequently removed to the Central District of California. (Opp'n to Mot. to Amend 1:19-23.)  After the instant case was transferred to the Central District of California in October 2011, the parties filed a Joint Notice of Related Case, requesting the instant case be reassigned to Judge King.  On November 23, 2011, Judge King declined the transfer

---

[4] Defendant opines that FINRA Rule 13204 does not apply because pursuant to the arbitration provision, Plaintiffs waived their right to bring a class claim.  (Reply to Mot. to Compel 1:15-19.)  However, the arbitration provision does not contain a waiver to litigate class action claims in court.  It merely states that Plaintiffs cannot bring class claims to arbitration.  Thus, FINRA Rule 13204 does apply to the arbitration provision at issue.  *See, e.g., Clark v. First Union Sec., Inc.*, 64 Cal. Rptr. 3d 313, 325 (Cal. Ct. App. 2007) (affirming a trial court's decision to deny a motion to compel arbitration because the arbitration agreement did not include an agreement to arbitrate all claims, but rather "specifically made *in*-arbitrable putative class and certified class action causes of action").

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| **CASE NO.:** CV 11-09178 SJO (JEMx) | **DATE:** March 1, 2012 |

order, finding that "although the cases may share some facts and legal questions, the actions are not sufficiently related to warrant transfer." (Order Re Transfer, ECF No. 51.) One of the reasons Judge King denied the transfer was because the *Baumann* matter is a PAGA action brought by a plaintiff in a representative capacity, while the instant action did not assert a PAGA claim.

Defendant argues that allowing Plaintiffs to add the PAGA claim would result in substantial prejudice to Defendant because Defendant would be forced to litigate the same claim, at the same time, in two different courts, until judgment is rendered in one of the two cases. (Opp'n to Mot. to Amend 10:5-8.) Allowing Plaintiffs to add a PAGA claim may produce a race between the plaintiffs to achieve the first judgment. (Opp'n to Mot. to Amend 5:21-22.) Defendant also argues that allowing Plaintiffs to add the PAGA claim would be futile pursuant to the first-to-file rule.

The first-to-file rule is a discretionary rule that "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another court." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). The rule "may be invoked when the similar complaint involves the same parties and issues." *Id.* The rule, however, "does not require identical parties or issues, so long as the actions are substantially similar or involve substantial overlap." *PETA, Inc. v. Beyond the Frame, Ltd.*, No. CV 10-07576, 2011 WL 686158, at *2 (C.D. Cal. Feb. 16, 2011). "The purpose of the rule is to promote efficiency and avoid duplicative litigation." *Shizzle Pop, LLC v. Wham-O, Inc.*, No. CV 10-3491, 2010 WL 3063066, at *2 (C.D. Cal. Aug. 2, 2010). "[U]nless compelling circumstances justify departure from the rule, the first-filing party should be permitted to proceed without concern about a conflicting order being issued in the later-filed action." *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270 (C.D. Cal. 1998).

The first-to-file rule does not require strict identity of parties; "it is enough if the parties and issues in the two actions are 'substantially similar.'" *Alioto v. Hoiles*, No. C 04-1395, 2004 WL 2326367, at *5 (N.D. Cal. Oct. 12, 2004) (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1986)). "In a lawsuit brought under [PAGA], the employee plaintiff represents the same legal right and interest as state labor law enforcement agencies – namely, recovery of civil penalties that otherwise would have been assessed and collected by the Labor Workforce Development Agency." *Arias v. Superior Court*, 209 P.3d 923, 933 (Cal. 2009). The employee plaintiff also brings a PAGA claim personally and on behalf of other current and former employees to recover civil penalties. Cal. Labor Code § 2699(a). As a result, "nonparty employees as well as the government are bound by the judgment in an action brought under [PAGA]." *Id.* at 934.

Here, the *Baumann* case was initiated on July 8, 2011, while the instant action was filed on July 15, 2011. Thus, the *Baumann* matter was filed first. Additionally, while Defendant is a party in both cases, the plaintiffs are different. However, as a representative plaintiff, Baumann brings his claims against Defendant on behalf of nonparty employees, as well as the government. The plaintiffs in both cases were employees of Defendant, and because Plaintiffs in the instant action will be bound by the judgment in the *Baumann* case, the parties are substantially similar for purposes of the first-to-file rule.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 11-09178 SJO (JEMx)</u>     **DATE:** <u>March 1, 2012</u>

California Labor Code section 2699(h) states that an aggrieved employee may not initiate a PAGA action if, on the same facts and theories, an employer is cited for a violation of the same "sections of the Labor Code under which the aggrieved employee is attempting to recover a civil penalty on behalf of himself or herself or others." Cal. Labor Code § 2699(h). Although Plaintiffs here will be bound by the judgment in *Baumann*, amendment to add the PAGA claim would not be futile because although some issues may overlap, different civil penalties may be assessed for violations of different labor code sections and remedies other than civil penalties may be obtained. *See Arias*, 209 P.3d at 934.

As Judge King stated in his November 23 Order, the claims asserted in the instant action encompass those acts that occurred between July 15, 2007 to the present, while the *Baumann* action only covers violations that occurred from June 2010 to January 2011. Thus, additional PAGA penalties may be assessed here, because Plaintiffs' claims cover a longer time period. Additionally, the Plaintiffs here have alleged illegal deductions from their wage commissions, that Baumann has not, which could result in finding Defendant in violation of a different Labor Code section that requires a different remedy. However, allowing the two matters to proceed simultaneously would unnecessarily risk inconsistent judgments and defeat efficiency. Therefore, the interests of judicial economy support staying Plaintiffs' PAGA claim only.

Plaintiffs are granted leave to amend their complaint to add the PAGA claim, but the PAGA claim will be stayed pending adjudication of the PAGA claim in the first-filed *Baumann* case.

III.     <u>RULING</u>

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Compel Arbitration. The Court **GRANTS** Plaintiffs' Motion to Amend Complaint. Plaintiffs' PAGA claim is **STAYED** until the PAGA claim in *Baumann* is adjudicated.

IT IS SO ORDERED.